UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT W. JOHNSON, | |
| Plaintiff, | CIVIL ACTION NO. 3:24-CV-01763 |
| v. | (MEHALCHICK, J.) |
| VANESSA E. BOGAN, | |
| Defendant. | |

### ORDER

Plaintiff Robert W. Johnson ("Plaintiff"), proceeding *pro se*, initiated this action on October 16, 2024, by filing a complaint against Vanessa E. Bogan ("Defendant"). (Doc. 1). On December 13, 2024, Chief Magistrate Judge Daryl F. Bloom issued a Report and Recommendation ("the Report") recommending that this matter be consolidated with Civil No. 3:24-CV-01898 and that the matter be transferred to the United States District Court for the Northern District of New York (Doc. 7). No objections have been filed to the Report and the time to do so has passed. As such, the Court will **ADOPT** the Report and Recommendation in its entirety.

"A district court may 'designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition' of certain matters pending before the court." *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011) (quoting 28 U.S.C. § 636(b)(1)(B)). Within fourteen days of being served a report and recommendation, "any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1). When a party timely files objections, the district court is to conduct a *de novo* review of the challenged portions of the Magistrate Judge's findings unless the objection

is "not timely or not specific." Goney v. Clark, 749 F.2d 5, 6–7 (3d Cir.1984); 28 U.S.C. § 636(b)(1). The Court may then "accept, reject, or modify, in whole or in part, the findings and recommendations." 28 U.S.C. § 636(b)(1). "Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Rahman v. Gartley*, No. CV 3:23-363, 2024 WL 555894, at *1 (M.D. Pa. Feb. 12, 2024) (citing *United v. Raddatz*, 447 U.S. 667, 676 (1980)). For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. Adv. Comm. Note Rule 72(b).

The Court agrees with the sound reasoning in Judge Bloom's Report and finds no clear error on the face of the record. (Doc. 7). **NOW, THEREFORE, IT IS HEREBY ORDERED THAT** the Report of Judge Bloom (Doc. 7) is **ADOPTED IN ITS ENTIRETY** as the decision of the Court. This matter is to be **CONSOLIDATED** with the matter docketed at Civ. No. 3:24-CV-01898 and **TRANFERRED** to the United States District Court for the Northern District of New York. (Doc. 7).

BY THE COURT:

Date: January 13, 2025

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**